UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                         Case No. 6:05-bk-05500-KSJ

MARY BETTINA BAKRANIA


             Debtor(s)
_____/


ORDER CONFIRMING CHAPTER 13 PLAN


   This case came on for a Confirmation Hearing on January 18, 2006. It having been determined that the Debtor's Plan as modified at the hearing, docket number 14, complies with the section 1325 and other applicable sections of the Bankruptcy Code, it is herewith Ordered as follows:

   1. The Debtor's Chapter 13 Plan is confirmed.

   2. Payments by the debtor of (see Exhibit "A") per month by money order or cashier check for 60 consecutive months commencing on July 14, 2005 are to be made to Laurie K. Weatherford - Trustee, P.O. Box 1103, Memphis, TN  38101-1103.

   3. The debtor is prohibited from incurring any post-confirmation debt during the term of this plan without prior approval of the Court or the Trustee.

   4. Claims are allowed and security surrendered to creditors as set forth in Exhibit "A" attached hereto, and by reference made a part hereof.

   5. Distribution by the Trustee shall commence and continue on a monthly basis following this confirmation in the following order:

      a. Trustee percentage fee as allowed by the U.S. Trustee.
      b. Attorney fees and expenses are allowed in the amount of $ .00 to the debtor's attorney.
      c. Creditors' claims in accordance with Exhibit "A".

   6. Provisions for treatment of adjustable rate mortgage payments and escrow account adjustments are as follows:

      a. Debtors shall forward any notice of change of mortgage payment or escrow amount to the Trustee as soon as they are received.

**Page 2 of Order Confirming Plan of Case No. 6:05-bk-05500-KSJ**

    b. Upon receipt of the Notice, the Trustee shall take the following action:

       (1) If the new payment amount is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to unsecured distribution by pro-rata distribution.

       (2) If the new payment amount is greater than the current payment, the Trustee shall compute the additional sum required to be paid by the debtor and advise the debtor of the new monthly payment amount. The payment to the creditors will be adjusted to provide the sum stated in the notice.

    c. These provisions are in effect a modification to a confirmed plan which is requested by the Trustee in 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

7. Provisions for both pre-petition and post-petition arrearages are included in the plan. After the completion of all payments under the plan and discharge of Debtor, the mortgage will be cured and reinstated. All post-petition late fees and charges incurred incident to the plan are discharged.

8. Provisions for creditors' liens that are being avoided are as follows:

    a. Claim of creditor whose liens are being avoided by debtors are treated in debtor's plan as unsecured claims, and a statement of this treatment is included in the plan.
    b. If the case is dismissed, those payments received by the creditor apply to the debt, but the lien is not avoided by this order.
    c. The lien of creditor is avoided, without further order, upon the earlier of (i) the payment of underlying debt, or (ii) the entry of a discharge under Section 1328.

9. If any claim (secured/priority/unsecured) is filed after entry of this order, the debtor(s) or their counsel must timely file the appropriate motion to modify confirmed plan, objection(s) to claims and/or motion(s) to value claims.

10. If bar date to file proofs of claim has not yet expired:

    a. The debtor shall have thirty-five (35) days following the expiration of any bar date to object to any claim filed after entry of this order.

    b. The debtor shall have thirty-five (35) days following the filing of an untimely claim to file an objection.

    c. Failure to timely object to a claim shall result in the allowance of of the claim and the Trustee shall include payments to these creditors in addition to those creditors currently listed on attached Exhibit "A."

    d. The Trustee shall review the Claims Register after all bar dates have passed and file a motion to dismiss if the debtor fails to timely take appropriate action to address all filed claims.

11. The Trustee shall hold all funds payable to general unsecured creditors for at least thirty (30) days after the bar date for filing claims has passed.

12. The debtor is responsible for paying all post-petition ongoing homeowners asessments, homeowners' dues, and/or property taxes; the automatic stay shall not apply to these debts.

13. The debtor is responsible for paying any domestic support obligation that first becomes payable after the date of the filing of the petition.

14. Variations in distributions between the debtor's plan and this Order shall be resolved in favor of this Order.

15. The debtor(s) shall provide to the Chapter 13 Trustee all tax returns on an annual basis, to be received by the Chapter 13 Trustee no later than April 30th of each year.

16. All future refunds from the Internal Revenue Service shall be turned over to the Chapter 13 Trustee for distribution to the general unsecured creditors who have filed timely unsecured claims.

17. All objections to confirmation of the plan were resolved at the Confirmation Hearing or are resolved by this Order.

18. No later than 180 days prior to the debtor's last plan payment, the debtor shall file a certification(s) that (i) lists all domestic support obligations and whether such obligations are current, (ii) certifies that Section 522(q)(1) is not applicable and no proceeding is pending in which the debtor could be found guilty of an offense listed in 522(q)(1).

**Page 4 of Order Confirming Plan of Case No. 6:05-bk-05500-KSJ**

19. The debtor shall complete the required debtor financial education course and file the related certificate with the Court no later than 180 days following the entry of this Order.

20. The provisions of paragraphs 18 and 19 only apply to those cases filed on or after October 17, 2005.

DONE and ORDERED in Orlando, Florida, this 28th day of February, 2006

_____
Karen S. Jennemann
United States Bankruptcy Judge

Copies furnished to:
Debtor, 2301 WATER VIEW LOOP, KISSIMMEE FL  34743
Debtors' Attorney, PRO SE,
     ORLANDO FL  32801
Chapter Thirteen Trustee, P.O. Box 3450, Winter Park, FL  32790
All Creditors and Interested Parties.

Exhibit "A" to Case No. 6:05-bk-05500-KSJ

| Claim No. | Creditor Name | Claim Type | Claim Amount | Claim Allowed | Notes | Monthly Payments | |
|---|---|---|---|---|---|---|---|
| 0001 | JEFFERSON CAPITAL SYSTEMS LLC | General Un | 191.07 | 191.07 | | 01-60/ | Pro Rata |
| 0002 | INTERNAL REVENUE SERVICE | General Un | 1,964.64 | 1,964.64 | | 01-60/ | Pro Rata |
| 0003 | CHASE MANHATTAN MORTGAGE | Ongoing | 73,147.86 | 73,147.86 | | 01-60/ | $631.78 |
| 0004 | CYPRESS LAKES TOWNHOMES, INC. | Secured | 7,377.38 | 9,846.24 | ( 1) | 01-02/ | $0.00 |
| | | | | | | 03-03/ | $50.09 |
| | | | | | | 04-04/ | $87.00 |
| | | | | | | 05-05/ | $23.10 |
| | | | | | | 06-60/ | $176.11 |
| 0005 | LAKESIDE ESTATES MASTER HOA | Secured | 400.00 | 533.83 | ( 2) | 01-02/ | $0.00 |
| | | | | | | 03-09/ | $7.59 |
| | | | | | | 10-59/ | $9.46 |
| | | | | | | 60-60/ | $7.70 |
| 0103 | CHASE MANHATTAN MORTGAGE | Secured Ar | 9,406.43 | 9,406.43 | | 01-04/ | $0.00 |
| | | | | | | 05-05/ | $148.49 |
| | | | | | | 06-09/ | $162.19 |
| | | | | | | 10-60/ | $168.81 |
| 0203 | CHASE MANHATTAN MORTGAGE | Gap Pay | 1,263.56 | 1,263.56 | ( 3) | 01-59/ | $21.06 |
| | | | | | | 60-60/ | $21.02 |
| 0304 | CYPRESS LAKES TOWNHOMES, INC. | Secured | 888.00 | 888.00 | ( 4) | 01-02/ | $256.78 |
| | | | | | | 03-03/ | $198.63 |
| | | | | | | 04-04/ | $162.19 |
| | | | | | | 05-05/ | $13.62 |
| AT | PRO SE | Admin. | .00 | .00 | | | |

```
Note (   1):  CLAIM PAID WITH 12% INTEREST.
Note (   2):  CLAIM PAID WITH 12% INTEREST.
Note (   3):  CLAIM REPRESENTS TWO GAP PAYMENTS.
Note (   4):  CLAIM REPRESENTS POST-PETITION PAYMENTS DUE THROUGH 11/30/2005.
              DEBTOR IS LIABLE FOR THE PAYMENT OF ALL ONGOING POST-PETITION
              AND SPECIAL ASSESSMENTS DIRECTLY TO CREDITOR BEGINNING
              DECEMBER 1, 2005.
```

```
DEBTOR PAYMENTS TO THE TRUSTEE
MONTHS            AM0UNT
01-04             $967.68
05-05             $900.00
06-09           $1,062.48
10-60           $1,071.51
```

ONLY TIMELY FILED UNSECURED CREDITORS SHALL BE PAID PRO RATA FROM FUNDS AVAILABLE AFTER PAYMENT OF PRIORITY AND SECURED CLAIMS.
Variations in distributions between the debtor's plan and this Order shall be resolved in favor or this Order.

NOTICE TO ALL CREDITORS LISTED ABOVE:  In an effort to disburse all funds held by the Trustee on a monthly basis, it is possible that you may on occasion receive partial payment.  However, the Claim Allowed by this Court will be paid in full by the end of the Debtor's Plan.  All undesignated funds will be distributed to unsecured creditors.